710

## Frazier et al. v. Aronsberg-Freed Co. et al.

*A. M. Oliver*, for plaintiffs.

*John F. Gloeckner, Carl E. Glock*, and *Reed, Smith, Shaw & McClay*, for defendants.

SNEE, J., June 26, 1933.—The plaintiffs in their own behalf and in behalf of others who wish to join in the bill of complaint set forth they are all members of the Operative Plasterers' Mutual Protective Association of Pittsburgh and Allegheny and also of the Operative Plasterers' and Cement Finishers' International Association Local No. 31; that the Government of the United States is erecting a new post office in the City of Pittsburgh; that the defendant, Aronsberg-Freed Co., is the general contractor in charge of all the work on said building and that Hachmeister-Lind Co. is the subcontractor in charge of the plastering work in connection with the building; that the Contracting Plasterers' Association of Allegheny County, Inc., is an association of plastering contractors who largely control the plastering work upon buildings of any consequence in Allegheny County; that the other defendants are the trade unions and their representatives, whose members are now employed and contemplate employment upon the said post office building; that the orators are ready and willing to perform plastering work upon the building at the prevailing rate of wages and that they have offered to do plastering work upon the building for Hachmeister-Lind Co. but they have been informed that they cannot be employed upon said building for the reason that their employment does not meet with the approval of said general contractor.

They further allege that they have been informed that the other trade unions employed upon the building will strike in the event that the orators and others mentioned are employed to do any part of the plastering work. They contend that, the work being public work, they are entitled to be employed, and they ask to have all the defendants enjoined from interfering with their employment, or doing or causing to be done any acts tending to prevent them and others from obtaining work, and for general relief.

Subsequent to the filing of the bill, divers other persons have joined with the plaintiffs, whose purported signatures appear upon the written joinder filed in this case.

The defendant, Aronsberg-Freed Co., a corporation, has answered the bill, averring that it has no knowledge of any discrimination being practiced against

the plaintiffs, and setting forth that it is the general contractor for the new post office building and that Hachmeister-Lind Co. is the subcontractor engaged to do the plastering work. Said defendant alleges that it is obligated by the Act of March 3, 1931, 46 Stat. at L. 1494, c. 411, sec. 1, and by its contract with the United States Government to pay all laborers and mechanics employed on the post office building "the prevailing rate of wages for work of a similar nature in the city." Said defendant avers that it has not approved or disapproved of the employment of the plaintiffs, that it was willing to approve the employment by said subcontractor of men belonging to organizations approved by the recognized organized trades, and that in its contract with said subcontractor it has been agreed that said subcontractor will not prosecute his work with such employes or in such manner as will, in the opinion of the contractor, hinder, interfere, molest, or delay the prosecution of the work. In the contract between the general contractor and the subcontractor, which is in evidence, it is provided:

"8. It is further agreed on the part of the subcontractor that during the performance of the work herein contracted to be done the subcontractor will not prosecute his work with such employes or in such a manner as will in the opinion of the contractor hinder, interfere with, molest, or delay the prosecution of the work of any contractor or subcontractor employed on the work."

The plaintiffs contend that said provision of the contract is against public policy and unenforceable. The only authority for the plaintiffs' contention is cited from Martin on Labor Unions, 222, as follows:

"There is no question that a contract by a municipal corporation for public work or a municipal ordinance or resolution requiring the party undertaking the performance of such work to use only union labor is void".

No authority is cited to the effect that such provision made between contractors on a building is void, and we think there is reason for concluding that it is valid in law.

The plaintiffs, however, are confronted with another proposition which is more serious and that is that the Act of March 3, 1931, supra, has fixed the rate of wages for laborers and mechanics employed in the construction of public buildings of the United States by contractors and subcontractors to be the prevailing wage scale, provides for the posting of the premises under construction with a notice showing the prevailing rate of wages of the particular tradesmen, and provides for an appeal to the Secretary of Labor in the event of a dispute as to what this prevailing rate is.

Testimony was taken at the preliminary hearing upon the matter as to what the prevailing wage of plasterers is in the City of Pittsburgh. We find from the testimony that the last prevailing union wage (which has not been renewed) is $12 per day. The plaintiffs here are willing to work for a lesser wage, and the subcontractor is willing to hire them for such wage. It is uncontradicted that the building under construction has been posted under the provisions of the act of Congress by posters representing the prevailing wage to be $12 a day. We may note that the controversy relative to what the prevailing wage may be is a Federal and not a State question, and it is doubtful as to that controversy that this court would have jurisdiction.

The subcontractor, represented by Mr. Hachmeister, stated in his testimony that he had sufficient business ability not to pay $12 a day when he could hire men for $7 a day.

We find from the evidence that the disposition of the subcontractor and that of the plaintiffs and those that have seen fit to join with them would proceed with the work upon a wage basis lower and different from that provided for by the act of Congress and that such action on their part would unquestionably

result in a general strike of all craftsmen employed on the building and would hinder the proper progress of the work upon a most important public improvement.

We do not find in the evidence presented or the facts appearing from the entire record that there are such equities with the plaintiffs as would entitle them to an injunction as prayed for in the bill. What they seek in substance is a prohibition against the general contractor interfering with or refusing to allow the plaintiffs and the subcontractor to proceed in the manner indicated. We find no authority which would justify the restraining order sought in this case. It is exceedingly doubtful if equity jurisdiction will compel the subcontractor or the contractor to permit the plaintiffs to work on this job.

We are of the opinion that the prayer of the plaintiffs for a preliminary injunction must be denied.

### Decree

And now, to wit, June 26, 1933, after hearing, the prayer of the plaintiffs for a preliminary injunction in this case is refused.

From William J. Aiken, Pittsburgh, Pa.